SANFORD S. BURTON *vs.* FLETCHER MFG. COMPANY.

JUNE 27, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Physicians and Surgeons.   Implied Contracts.   Custom.*

A person, not in employ of defendant, being injured on its premises, the telephone of defendant was used for the purpose of summoning plaintiff a physician, who rendered the necessary first aid to the injured person, and an ambulance was called and the patient removed.  Plaintiff received notice from defendant, within a few days at least, that patient was not their employee.  There was evidence of a custom on part of defendant to call physicians, plaintiff among them, to attend its injured employees and to permit the physician to finish his treatment at expense of defendant.  Plaintiff treated the patient, who was seriously injured, but remained silent on the subject, although previously instructed by defendant in another case, to render monthly statements of his services rendered in its behalf, the action in the case at bar being commenced more than six years after the time when defendant notified him patient was not in its employ:—

*Held*, that after the departure of the injured man from the premises of defendant it was the duty of plaintiff, if he intended to treat him at expense of defendant, to inform it of such fact, that such meeting of minds might result as would constitute a contract.

*Held*, further, that there was no evidence of an express contract, nor evidence from which a contract might be implied.

ASSUMPSIT.  Heard on exceptions of plaintiff, and overruled.

DUBOIS, J.  This is an action of assumpsit, brought to recover the value of certain professional services, as a physician and surgeon, rendered by the plaintiff for the defendant. Upon the trial of the case in the Superior Court, at the conclusion of the testimony, under instructions from the justice presiding at the trial, the jury returned a verdict for the defendant; to these instructions the plaintiff duly excepted, and prosecuted his bill of exceptions based thereon, and the case is in this court upon said bill of exceptions.

The instructions excepted to are as follows:  "My ruling is, that it having been shown that there was a custom on the part of this defendant to call physicians, Doctor Burton among

others, to attend upon injured employees, employees injured at the works of the defendant company, and the custom further having been to continue, or to permit the doctor to finish, his treatment of the injury at the expense of the defendant, that the doctor, the plaintiff in this case, had a right to suppose that he was called to the company's works in the usual way—that the usual custom was to prevail—and that a person whom he found there injured at the works he would have a right to presume was an employee of the defendant and that services rendered to that injured person under that presumption should be paid for by the defendant; that this custom, however, extended only to services rendered to injured employees of the defendant; that the company would not be liable to pay for injuries beyond an emergency call at any rate, pay for services to a person other than an employee, even though the doctor is called in the usual way; the burden, however, being upon the defendant to notify the doctor that this person was not an employee of the company; that it being admitted that such notice was given by the superintendent of the company, within a day or two after the accident, that such notice would be sufficient to relieve the company from liability for services to such person in the absence of express undertaking on their part; and it further appearing that this suit was not brought within six years of the time when it was admitted by the plaintiff that he received such notice, that the defendant, having pleaded the statute of limitation, is exempt and free from liability in this case, and a verdict must be directed for the defendant.''

The plaintiff does not contend that the error complained of consists in a misstatement of facts, or of the application of certain rules of law to a non-existent state of facts. In other words, no complaint is made concerning the manner in which the court treated the facts in the case. Moreover, a careful consideration of the transcript of the testimony verifies the statement of facts made by the judge.

The exception, therefore, relates solely to the law as the same was applied by the court to the facts on that occasion.

(1)   The facts disclose that Charles S. Bray, a person not in the employ of the defendant, was injured upon its premises; that the telephone of the defendant was used for the purpose of summoning the plaintiff, a doctor; that the plaintiff rendered the necessary first aid to the injured person; that an ambulance was called, and in it the patient was removed. For all that was brought to the attention of the defendant, the services of the plaintiff ended there. Mr. Bray, it appeared, was seriously and severely injured, and his departure in the ambulance was as consistent with his removal to a hospital as it was to his being taken to his home. The plaintiff received notice, either from the superintendent, or acting superintendent, that the patient was not an employee of the defendant; if the notice came from the superintendent, as the plaintiff says, it was within a few days of the date of the injury; and if it came from the acting superintendent, as testified to by him, it was on the occasion of the first visit made by the plaintiff. After the departure of the injured man from the premises of the defendant, in the ambulance, if the plaintiff had intended to treat the patient, at the expense of the defendant, it was his duty to inform the defendant of that fact, to the end that there might have been such a meeting of minds upon the subject as would constitute a contract. The plaintiff, however, elected to remain silent upon the subject, not only for months but for years, although he had been previously instructed by the defendant, in another case, to render monthly statements of his services when rendered in its behalf; and when he finally brought his suit it was more than six years after the time when the defendant had notified him that Bray was not in its employ. There is evidence that there was no express contract, and there is no evidence, in such circumstances, from which a contract can be implied in favor of the plaintiff.

The verdict was therefore properly directed for the defendant.

Plaintiff's exceptions overruled, and case remanded to the Superior Court with direction to enter judgment on the verdict.

*James C. Collins Jr.,* for plaintiff.
*Green, Hinckley and Allen,* for defendant.